[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case the defendants have moved to dismiss the complaint on the grounds of governmental immunity. Connecticut General Statutes § 4-165, which provides in part:
 No state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter . . .
The defendants are all employees of the University of Connecticut (hereinafter "UCONN") who were involved in their capacity as state employees in a review process to determine whether or not the plaintiff would be granted tenure. He was ultimately denied tenure and claims the actions of the defendants resulted in the determination to deny him tenure. CT Page 3834
It is clear that § 4-165 must be strictly construed, Huntev. Blumenthal, 238 Conn. 146, 152 (1996).
When a professor becomes eligible for tenure consideration UCONN procedures provide for the Dean of the school (in this case Michael Gerald) to name an Advisory Council to review the candidate and to make a recommendation to the Dean. The defendants Burgess and Makriyannis were the designated council members. Their report was unfavorable to the plaintiff and the Dean similarly made an unfavorable recommendation to a Faculty Review Board who also reviewed the application. After the Faculty Review Board's review the Chancellor and the Board of Trustees further reviewed the question of tenure, and ultimately it was denied.
It is not disputed that these three defendants were acting in the scope of their employment as UCONN (state) employees, thus unless the allegations sufficiently allege wanton, reckless or malicious conduct they are entitled to the protection of sovereign immunity.
In a word, the allegations of irregularities in the review process do not support wanton reckless or malicious conduct by the defendants and they are entitled to the protections of §4-165.
The terms wanton and reckless, have the same meaning. They refer to conduct which is highly egregious, an extreme departure from ordinary care, or highly unreasonable. Dubay v. Irish,207 Conn. 518, 532-33 (1988) and cases cited therein; Ayala v.Meehan, DN. 4950 Windham JD, January 28, 1998 (Lager, J.).
The allegations of irregularities claimed by the plaintiff are insufficient to bootstrap what are essentially claims of negligence to supportable claims of wanton, reckless or malicious conduct.
The defendants in this case are entitled to the immunity afforded by § 4-165.
The Motion to Dismiss is granted.
Klaczak, J. CT Page 3835